FILED
SUPERIOR COURT
OF GUAM

2024 FEB -6 PH 2:38

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>v.<br><br><br>OPTIMUS HENRY, aka Henson Henry,<br>DOB: 09/09/1997<br><br>Defendant. | CRIMINAL CASE NO. CF0168-19<br><br><br>**DECISION AND ORDER**<br>Re: Defendant's Motion to Extend Probation |

This matter came before the Honorable Arthur R. Barcinas on November 9, 2023, for a hearing on Defendant's Motion to Extend Probation ("Motion"). Defendant Optimus Henry ("Defendant") was present with counsel Assistant Public Defender Peter Sablan. Assistant Attorney General Grant Olan appeared on behalf of the People of Guam ("the People"). Upon review of the record and taking into account Defendant's noncompliance with the terms of his probation, his numerous violations, the Court hereby **DENIES** Defendant's Motion to Extend Probation.

### BACKGROUND

On April 1, 2019, Defendant was indicted for Criminal Mischief (as a 3rd Degree Felony) and Public Drunkenness (As a Violation). Defendant agreed to take a deferred plea, and on May 29, 2019, plead guilty to the single charge of Criminal Mischief (as a 3rd Degree Felony). The

Court dismissed the second charge, deferred acceptance of Defendant's guilty plea for a period of two (2) years, and ordered that Defendant be placed on supervised probation for the same period, during which Defendant was ordered to complete conditions as set forth in the deferred plea agreement.

On July 2, 2019, Probation filed the First Violation Report stating that Defendant had failed to report to the Probation Office for intake and could not be located. On July 8, 2019, the Court issued a Warrant of Arrest. On November 22, 2019, a Return of Warrant was filed on Defendant, and on November 26, 2019, the Court scheduled a violation hearing for January 16, 2020, which had to be reset to March 27, 2020, due to the Court being in jury trial. At the March 27, 2020 violation hearing, the People recommended revoking probation on the grounds that Defendant had done nothing to complete his probation terms. After hearing arguments, the Court sanctioned Defendant to the three months he served for the violation, with the caveat that he would report weekly to Probation until he completed the majority of his conditions.

On March 22, 2021, Probation filed a Second Violation Report, stating that Defendant had failed to attend and complete his intake/assessment with Guam Behavioral Health and Wellness Center ("GBHWC"), had failed to attend and complete any of his Individual Counseling sessions with Client Services and Family Counseling ("CSFC"), had failed to perform and complete any of his one hundred (100) community service hours, and had failed to make any payments towards his court cost of eighty dollars ($80.00) and his court fine of one hundred dollars ($100.00). On May 13, 2021, the Court held the second violation hearing, at which Defendant stated that, since the filing of the violation, he had caught up. Defendant then requested to extend his probation, which the People did not object to, and the Court extended the probation for four (4) months.

On September 10, 2021, Probation filed a Third Violation Report, stating that Defendant had again failed to complete Individual Counseling sessions with CSFC, had failed to complete

his treatment with Lighthouse Recovery Center ("LRC"), had failed to make any payments towards his court cost and court fine, and had failed to perform and complete his 100 hours of community service. Probation added that, while Defendant had not completed his treatment with CSFC and LRC, he had been attending all his scheduled sessions and had made significant progress, and Probation then recommended additional time for Defendant to complete his probation terms. At the October 14, 2021 third violation hearing, the Court entered the deferred plea and issued a Judgment of Conviction on Defendant.

On July 25, 2023, Probation filed a Fourth Violation Report, stating that Defendant had again failed to complete his Individual Counseling sessions with CSFC, had failed to show to GBHWC for his intake and assessment, had failed to make any payments towards his fine and court cost, and had failed to perform and complete his 100 community service hours. Probation again recommended additional time for Defendant to complete his terms. On September 12, 2023, Probation filed a Fifth Violation Report, stating that Defendant had tested positive for methamphetamines on August 24, 2023. On September 21, 2023, the Court held a 4th and 5th violation hearing, at which Defendant admitted to the positive test and Probation requested a one (1) year extension because Defendant was close to completing the terms of his probation. The Court sanctioned Defendant to five (5) days of incarceration and ordered for him to be tested and committed the same day.

Also on September 21, 2023, Probation filed a Sixth Violation Report, stating that Defendant had tested positive for, and had admitted to using, methamphetamines and THC, had failed to enroll into the LRC as referred by GBHWC, had failed to make any payments towards his fine or court costs, and had failed to perform and complete his community service hours. Probation no longer recommended an extension of Defendant's probation term.

On September 27, 2023, Defendant filed the instant Motion to Extend Probation. In the Motion, Defendant stated that his two-year probationary term was set to expire on October 14, 2023, and requested that the Court extend his probation for another year. On October 4, 2023, the People filed its Non-Opposition to the Defense Motion to Extend Probation, agreeing that Defendant was making an effort and should be given the opportunity to complete the terms of probation.

On October 24, 2023, the Court held a motion hearing on the Motion. Defendant failed to appear, and a warrant was issued for the Defendant with bail set at $1,000.00. On October 25, 2023, Probation filed a Seventh Violation Report, stating that Defendant had tested positive for methamphetamines for a third time, but had challenged the results. On the same day, Defendant self-surrendered to the Probation Office.

On October 26, 2023, the Court held a hearing on the return of warrant. The Court initially ordered to revoke Defendant's probation and deny Defendant's Motion, but ultimately decided to hold off on those orders until the November 9, 2023 hearing because the People were not present. At the November 9, 2023 hearing, the Court heard Defendant's arguments on the motion, and took the matter under advisement.

## DISCUSSION

When the Court places an offender on probation, the period of the probation shall not exceed five (5) years for a felony, two (2) years for a misdemeanor or petty misdemeanor and one (1) year for a violation. 9 GCA § 80.64(a). Notwithstanding any other provisions of the law, the Court may, upon good cause shown, extend the probation beyond the terms set forth in § 80.64(a), up to a maximum additional term of one (1) year for petty misdemeanors and misdemeanors, and a maximum additional term of two (2) years for felonies. *Id.* § 80.66(c).

Upon a showing of probable cause that Defendant has violated a condition of his probation, the Court may summon Defendant to appear before it or may issue a warrant for his arrest. § 80.66(a)(1). Upon the issuance of the warrant, the period of probation shall be tolled pending the hearing upon the motion and the decision of the Court. *Id.* § 80.66(a)(3). The period of tolling shall start on the date the summons or warrant is filed by the Clerk of Court and shall end on the date the Clerk of Court files a judge's written decision or the judge issues an oral decision in open Court, whichever first occurs, on whether Defendant violated a condition of probation. *Id.* § 80.66(a)(3)(A). Unless otherwise ordered by the Court, the term of probation shall be extended for the number of days time is tolled. *Id.* § 80.66(a)(3)(B).

The Court, if satisfied that Defendant has inexcusably failed to comply with a substantial requirement imposed as a condition of the order, may revoke the probation and sentence or re-sentence Defendant. *Id.* § 80.66(a)(2). However, violation of a condition shall not result in revocation unless the Court determines that revocation under all the current circumstances would best satisfy the ends of justice and the best interests of the public. *Id.*

Upon consideration of the record and the arguments, the Court **DENIES** Defendant's Motion to Extend Probation. The Court has already granted Defendant multiple extensions, while on deferred status and while on regular probation status more than doubling his original probation term of two years in the process and has seen little to no results in return. While the Court understands that Defendant has made progress towards completing the terms of his probation, the Court simply does not find that Defendant has taken his probation seriously enough to merit any further extension, let alone the full year that he is requesting. Defendant has had more than four years to work towards completing the terms of his probation, and the Court simply cannot justify expending more time and resources towards helping Defendant better himself when the

Defendant himself is not making the effort required. Therefore, the Court must consider whether revocation is appropriate.

Probation revocation is a two-step process. *Guam v. Camacho*, 2009 Guam 6 ¶ 27. First, the Court must make a factual determination that a violation of a condition of probation has actually occurred. *Id.* The Court has done so, several times over, and Defendant has admitted to his violations. "When a probationer admits to the violations, the procedural due process safeguards and an evidentiary hearing are not necessary." *Id.* ¶ 28. If a violation is proven, the Court must determine if the violation warrants revocation of the probation "because beneficial aspects of [the] probation are no longer being served." *Id.* "The goal of a revocation hearing is not to decide guilt or innocence, but to determine whether the defendant remains a good risk for probation." *Id.* Defendant has repeatedly failed to demonstrate that he remains a good risk for probation and has provided no sufficient excuse as to his failures. "The trial court's decision to revoke probation must be based on credible evidence, but the defendant bears the burden of showing an excuse for the failure to comply with the condition." *Id.* ¶ 30. Accordingly, the Court **REVOKES** Defendant's probation and sentences him to three (3) years of incarceration at the Department of Corrections, with credit for time served, pursuant to his deferred plea agreement.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Extend Probation, and **ORDERS** that Defendant's probation is hereby revoked, and that Defendant is sentenced to three (3) years, with credit for time served, pursuant to his plea agreement.

**SO ORDERED** ___FEB 0 6 2024___ .

SERVICE VIA EMAIL
I acknowledge that an electronic
copy of the original was e-mailed to:

___AG, POX___

Date: 2|4|24 Time: 2:45
____cawkus (d)____
Deputy Clerk, Superior Court of Guam

_____
**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

Page 6 of 6